T.C. Summary Opinion 2007-10

UNITED STATES TAX COURT

JUN XIA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13411-05S.          Filed January 17, 2007.

Jun Xia, pro se.

<u>Michael T. Sargent</u>, for respondent.


POWELL, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.[1]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

---

[1]    Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the years in issue.

The relevant facts may be summarized as follows.  On Schedules C, Profit or Loss From Business, attached to petitioner's 2002 and 2003 Federal income tax returns, petitioner claimed the following deductions:

|  | 2002 | 2003 |
|---|---|---|
| Car & truck expenses | $5,228 | $5,100 |
| Advertising | 1,000 | 600 |
| Supplies | 1,239 | 92 |
| Commission & fees | 655 | 73 |
| Insurance | 601 | 350 |
| Legal & professional services | 310 | 95 |
| Office expenses | 948 | 1,237 |
| Rent of equipment | 1,300 | 1,220 |
| Repairs | 550 | 547 |
| Travel | 789 | 884 |
| Meals & entertainment | 124 | 513 |
| Utilities | 683 | 643 |
| Home office expenses | 1,312 | 682 |

Respondent disallowed the deductions and determined deficiencies in petitioner's 2002 and 2003 Federal income taxes of $2,423 and $1,980.  At the time the petition was filed, petitioner resided in the Commonwealth of Pennsylvania.

Petitioner is a pharmacist employed by Rite-Aid.  In addition, petitioner testified:

> Well, I guess, I give you a comprehensive idea.  What I develop mainly is pharmaceutical product.
>
> *        *        *        *        *        *        *
>
> [B]efore I work for Rite Aid I was a research scientist, worked for several pharmaceutical companies.  That's what I have my graduate training in, in this area, and I was an inventor also.  I developed pharmaceutical products,

specifically the formulation work, and also analytical work which involves instruments.  I have instruments that were-- for the--analyzes for handling chemicals in drugs solutions.

THE COURT: How long will it take you to produce these drugs, this drug?

THE WITNESS: It's very hard to say because research and development can fail easily * * *.

Petitioner earned no income from these endeavors for the years before the Court, and it does not appear that he has ever realized income from this work, except when employed by a pharmaceutical company.

## Discussion

Section 162(a) allows a deduction for ordinary and necessary expenses paid or incurred in carrying on a trade or business. Petitioner claims to be in the trade or business of research, and we are, therefore, faced with the initial question of whether he is in a trade or business within the meaning of section 162.  In Commissioner v. Groetzinger, 480 U.S. 23, 35 (1987), the Supreme Court held that "if one's * * * activity is pursued full time, in good faith, and with regularity, to the production of income for a livelihood, and is not a mere hobby, it is a trade or business".  We are willing to assume that petitioner did devote hours in research with some degree of regularity.  We are not

satisfied, however, that petitioner looked to this activity for a production of income for his livelihood.[2]

Furthermore, generally, under section 183(a) and (b) an individual is not allowed deductions attributable to an activity "not engaged in for profit" except to the extent of gross income generated by the activity. Section 183(c) defines an activity "not engaged in for profit" as any activity other than one for which deductions are "allowable * * * under section 162 or under paragraph (1) or (2) of section 212." Essentially the test for determining whether an activity is engaged in for profit is whether the taxpayer engages in the activity with the primary objective of making a profit. See Antonides v. Commissioner, 893 F.2d 656, 659 (4th Cir. 1990), affg. 91 T.C. 686 (1988). Although the expectation need not be reasonable, the expectation must be bona fide. See Hulter v. Commissioner, 91 T.C. 371, 393 (1988). Furthermore, in resolving the question, greater weight is given to the objective facts than to the taxpayer's statement of intentions. See Thomas v. Commissioner, 84 T.C. 1244, 1269 (1985), affd. 792 F.2d 1256 (4th Cir. 1986).

Section 1.183-2(b), Income Tax Regs., contains a nonexclusive list of factors to be used in determining whether an activity is engaged in for profit. These factors are: (1) The

---

[2] We note that petitioner did not argue or establish that he satisfied the requirements of sec. 7491(a).

manner in which the taxpayer carries on the activity; (2) the expertise of the taxpayer or his advisers; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that assets used in the activity may appreciate in value; (5) the success of the taxpayer in carrying on similar or dissimilar activities; (6) the history of income or losses with respect to the activity; (7) the amount of occasional profit, if any; (8) the financial status of the taxpayer; and (9) any elements of personal pleasure or recreation.  No single factor, nor simple numerical majority of factors, is controlling. See Cannon v. Commissioner, 949 F.2d 345, 350 (10th Cir. 1991), affg. T.C. Memo. 1990-148.

Petitioner presented little evidence concerning many of the factors contained in the regulations.  We, therefore, focus on the factors that form our decision.

What concerns us most is the history of losses.  While a person may start with a bona fide expectation of profit, even if it is unreasonable, there is a time when, in light of the recurring losses, the bona fides of that expectation must cease. See Filios v. Commissioner, 224 F.3d 16 (1st Cir. 2000), affg. T.C. Memo. 1999-92.  This is particularly pertinent here where petitioner could not estimate when the activity might become profitable.  Moreover, there is nothing in the record to

reasonably suggest that the activity, as petitioner operated it during the years in question, would ever be profitable.

Also, petitioner did not maintain the type of books and records that one would generally associate with a trade or business.  It appears to us that, while certainly laudable, petitioner's activity seems to be more an intellectual pastime rather than an actual trade or business.

In sum, we do not find that petitioner's research activity constituted a trade or business or an activity entered into for profit.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered for respondent</u>.